Roger P. Williams, U.S. Atty. (Kathleen M. Mehltretter, and Denise E. O'Donnell, Asst. U.S. Attys., of counsel), Buffalo, N.Y., for defendant.

**Leonard F. GAJKOWSKI, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. CIV-82-480C.**

United States District Court, W.D. New York.

Sept. 29, 1986.

CURTIN, Chief Judge.

In March of 1983, this case was remanded to the Secretary for further findings in light of the decision of the United States Court of Appeals for the Second Circuit in *Campbell v. Secretary*, 665 F.2d 48 (1982), *reversed, Heckler v. Campbell*, 461 U.S. 458, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983). On remand, the Secretary denied benefits without holding a new hearing in light of the Supreme Court's holding in *Campbell*. After carefully reviewing the record, I find that the Secretary's determination that plaintiff is not disabled is not supported by substantial evidence.

Mr. Gajkowski is now 49 years old and has a sixth grade education. He worked steadily for some 28 years, the last 17 as a truck driver, before injuring his knee and back (Tr., pp. 39, 70). He attempted to return to his truck driving job twice after his back injury, but testified that he was forced to stop both times because of pain (Tr., pp. 91, 95).

In her initial decision, the Administrative Law Judge [ALJ] found that Mr. Gajkowski was unable to return to his past work but retained the residual functional capacity to perform light-to-sedentary work. Af-

ter the record was submitted to the Appeals Council, the Secretary received a detailed vocational report from Doris Martin, a Rehabilitation Counselor with the Department of Rehabilitation Medicine at the Erie County Medical Center [ECMC]. The New York State Office of Vocational Rehabilitation had referred plaintiff to ECMC for vocational and medical evaluation. Ms. Martin's report outlined a five-week vocational evaluation of Mr. Gajkowski (Tr., pp. 8–11).

During the first week, plaintiff was evaluated in a variety of work-sample areas, each of which was designed to be completed within 2½ hours. Plaintiff was unable to complete three of the five samples, due to severe pain. It was noted that he had to get up and walk around frequently in order to get some mild relief from his pain (Tr., p. 9). He was able to sit or stand for only 45 minutes without observable pain (Tr., p. 6). His most successful performance was in the pharmacy, as he was able to shift from sitting to standing (Tr., p. 10).

After five weeks of observing plaintiff, Ms. Martin concluded that his complaints of pain were indeed sincere. He was eager to work and enthusiastically attempted to complete the tasks he had been assigned, shifting position to compensate for the pain he was experiencing. At one point, after working for less than two hours, plaintiff's pain was so severe that he went into Ms. Martin's office "on the verge of tears" and was sent home for the day (Tr., p. 10).

Thomas McDonald of the New York State Office of Vocational Rehabilitation submitted a supplementary evaluation to Ms. Martin's report, in which he concluded that there is "no viable vocational objective" for Mr. Gajkowski, since he is currently "too severely disabled" to work (Tr., pp. 6–7).

The Appeals Council made a brief reference to the report, but provided no analysis or reason for rejecting it in favor of other, unspecified evidence in the record:

> The Appeals Council has carefully considered the report on the claimant's condition submitted by the Office of Vocational Rehabilitation which asserts that the claimant cannot engage in substantial gainful activity. The Appeals Council is of the opinion that the contentions set forth in the report are not persuasive in view of the evidence of record which shows that the claimant has the functional capacity to perform work of a sedentary or light nature.

Tr., p. 4.

On remand, the ALJ took note of three recent medical reports, but did not discuss the vocational report, which was then part of the record. The Appeals Council again summarily stated that the report was not persuasive in light of the record (Tr., p. 198).

The medical evidence shows that Mr. Gajkowski injured his knee in a fall from a truck. He returned to work and was injured a second time. Plaintiff consulted his physician, Dr. Marano, who prescribed medicine for the pain (Tr., p. 165). Later, Dr. Marano removed a torn cartilage from plaintiff's right knee in an uneventful surgery (Tr., pp. 130, 132).

Plaintiff returned to Dr. Marano, complaining of low back pain and pain in his right knee. Dr. Marano was unable to account for the pain (Tr., p. 155), and referred plaintiff to Dr. Zoll, a neurologist.

A myelogram revealed no abnormalities. A nerve conduction study did, however, reveal a mild right L–5 radiculopathy (Tr., p. 141). From these tests, Dr. Zoll concluded that plaintiff suffers from a chronic lumbar spine strain and a resulting moderate, partial disability (Tr., pp. 159, 166–67).

Dr. Zoll concluded that plaintiff is able to sit, stand, or walk for two hours at a time. The doctor noted that plaintiff could sit for a total of six hours and stand and/or walk four hours per an eight-hour work day. Plaintiff could frequently lift and carry a 10–pound weight, engage in simple grasping, pushing and pulling, and fine manipulation. Dr. Zoll states in this report that plaintiff should refrain from climbing and reaching but could occasionally bend, squat, and crawl (Tr., p. 176).

Plaintiff was also examined by Dr. William Walsh, M.D., the Clinical Director of the Rehabilitation Medicine Department. Dr. Walsh found that plaintiff's range of motion was moderately limited in all directions (Tr., p. 181). He recommended that, because of these physical limitations, plaintiff refrain from prolonged standing, sitting, lifting, and bending (Tr., p. 182).

Mr. Gajkowski testified that he can only stand for 30 minutes and sit for 45 minutes to one hour before shifting positions because of pain (Tr., p. 67). He said that he does not do housework but is able to attend to his personal needs (Tr., pp. 60, 61). He is able, however, to walk a few blocks, drive to the supermarket twice a week, and carry the grocery bags to the house (Tr., pp. 64–67). Plaintiff testified that he takes his pain medication in varying amounts according to a random schedule based on how much pain he experiences (Tr., pp. 52–56). These drugs, when taken, do alleviate the pain somewhat.

Viewed in isolation, Dr. Zoll's report supports a finding of an ability to perform light or sedentary work. Dr. Zoll classifies plaintiff's disability as moderate and partial. However, this conclusion is flatly contradicted by the uniquely probative vocational report.

Neither the ALJ nor the Appeals Council gave sufficient weight to the report. With the vocational report, the Secretary received information that is included in the record all too infrequently. The New York State Office of Vocational Rehabilitation and ECMC provided a detailed analysis based on the long-term, first-hand observation of plaintiff in various work settings. The report provides evidence of plaintiff's actual inability to work and concludes that plaintiff's back pain makes him unable to perform any vocational activity.

This case is reversed and remanded to the Secretary solely for the calculation of benefits.

So ordered.